# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TONY DAVIS, | ) CASE NO. 1:24-CV-1045 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

On June 28, 2024, Defendant moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to exhaust administrative remedies before filing suit, as required by the Federal Tort Claims Act ("FTCA"). (ECF No. 4, PageID #31). Plaintiff cannot institute an action against the United States under the Federal Tort Claims Act without first presenting the claim to the appropriate federal agency and having final denial of the claim, or after six months pass after the administrative filing, whichever is sooner. 28 U.S.C. § 2675(a). Defendant argues that Plaintiff did not file his administrative tort claim until May 13, 2024 (ECF No. 4, PageID #39), which was one day before this case was filed on May 14, 2024 in the Cuyahoga County Court of Common Pleas. (*Id*. at PageID #32). The matter was removed to this Court on June 21, 2024. (ECF No. 1).

On July 11, 2024, Plaintiff responded to Defendant's motion. (ECF No. 5). Plaintiff agrees a dismissal without prejudice is proper, but requests that the Court make two judicial findings to ensure that Plaintiff's claim is not inadvertently time-barred through dismissal. (*Id*. at PageID #40). Plaintiff requests that the Court make an affirmative finding "that the administrative claim

was timely filed on May 13, 2024 and that Candance Taylor was a federal employee acting within the course and scope of her employment at the time of the incident with the Plaintiff." (*Id*. at PageID #43).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The underlying tort claims arise from a May 17, 2022 motor vehicle accident. (ECF No. 1, PageID #7). The Government submitted a declaration stating that the Department of Veteran Affairs received an administrative tort claim from Plaintiff on May 13, 2024 seeking damages related to that motor vehicle accident. (ECF No. 4, PageID #39). Thus, Plaintiff filed the administrative tort claim within two years of the claim accruing.

The Government submitted a certification by the United States Attorney that Candace Taylor "was a federal employee acting in the course and scope of her employment and duties at the time of the incidents alleged in the complaint." (ECF No. 1, PageID #19). The Government also conceded that fact in its motion to dismiss. (ECF No. 4, PageID #34). Thus, the Court takes judicial notice that Candace Taylor was a federal employee acting within the course and scope of her employment at the time of the incident with Plaintiff.

Defendant's motion to dismiss is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: January 29, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**